PATRICK G. BYRNE, ESQ.
Nevada Bar No. 7636
ALEX L. FUGAZZI, ESQ.
Nevada Bar No. 9022
AARON D. FORD, ESQ.
Nevada Bar No. 7704
JUSTIN L. CARLEY, ESQ.
Nevada Bar No. 9994
SNELL & WILMER L.L.P.
3883 Howard Hughes Parkway, Ste. 1100
Las Vegas, Nevada 89169
Tel.: (702) 784-5200
Fax.: (702) 784-5252
Email:  pbyrne@swlaw.com
        afugazzi@swlaw.com
        aford@swlaw.com
        jcarley@swlaw.com

STEVE MORRIS, ESQ.
Nevada Bar No. 1543
MORRIS PETERSON
300 South Fourth Street, Suite 900
Las Vegas, NV 89101
Tel.: (702) 474-9400
Fax.: (702) 474-9422
Email: sm@morrislawgroup.com

*Attorneys for Trump Ruffin Tower I LLC*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MARY ANN BLANCO, ET AL.,<br><br>            Plaintiffs,<br><br>    vs.<br><br>TRUMP RUFFIN TOWER I LLC,<br><br>            Defendant. | CASE NO. 2:11-cv-00153-GMN-PAL<br><br><br><br><br><br>**DEFENDANT TRUMP RUFFIN TOWER I LLC'S NOTICE OF SUPPLEMENTAL AUTHORITY** |

      Defendant Trump Ruffin Tower I LLC, by and through its attorneys, hereby respectfully submits this Notice of Supplemental Authority in Support of its Opposition to Motion to Vacate Arbitration Award and Memorandum of Points and Authorities, stating as follows:

      Defendant filed its Opposition to Plaintiffs' Motion to Vacate Arbitration Award on March 31, 2011, arguing that the Arbitrator's Final Order in this matter was not decided in

13308997

"manifest disregarded" of the law. Specifically, Defendant argued that (1) there was no controlling law on the novel issues presented and, thus, nothing to disregard and (2) the Arbitrator appropriately considered and addressed – in significant detail – the substantial law that was presented.

On June 6, 2011, the Honorable Kent J. Dawson, of the United States District Court for the District of Nevada, issued a decision in Spradlin v. Trump Ruffin Tower I, LLC, 2011 U.S. Dist. LEXIS 61235, Case No. 2:08-CV-01428-KJD-RJJ (D. Nev. June 6, 2011), a copy of which is attached as Exhibit A. Notably, Spradlin involved the same defendant, the same contract, the same arbitration clause, and the same primary legal issue, namely the standard of review of an arbitration decision in light of the Supreme Court's decision in Stolt-Nielsen S. A. v. AnimalFeeds Int'l Corp., 130 S. Ct. 1758 (2010). In Spradlin, Judge Dawson observed – as Defendants have argue here – that "Stolt-Nielsen makes it clear that the 9 U.S.C. § 10(a)(4) standard is a 'high hurdle' for the party petitioning the court to vacate an arbitration award." (See id. at *4.) Judge Dawson further observed that, under Stolt-Nielsen,

> It is not enough for petitioners to show that the panel committed an error – or even a serious error. It is only when [an] arbitrator strays from interpretation and application of the agreement and effectively dispense[s] his own brand of industrial justice that his decision may be unenforceable. In that situation, an arbitration decision may be vacated under § 10(a)(4) of the FAA on the ground that the arbitrator exceeded [his] powers, for the task of an arbitrator is to interpret and enforce a contract, not to make public policy.

(See id. (citing Stolt-Nielsen S. A. v. AnimalFeeds Int'l Corp., 130 S. Ct. at 1767 (2010) (internal quotation marks omitted).)

Applying this standard, Judge Dawson found that the arbitrator's reasoning in that case – which addressed many of the same arguments Plaintiffs raise here – "far exceed[ed] the minimum requirements of the 'manifest disregard of the law' standard" and that the plaintiffs failed "to identify any aspect of the arbitrator's decision that in which she ha[d] 'exceeded [her] powers' under the standards set forth by the Ninth Circuit and the Supreme Court[.]" (See id. at *14.) Accordingly, Judge Dawson denied the plaintiffs' motion to vacate the arbitrator's final order in that case.

13308997

- 2 -

Based on the foregoing, <u>Stolt-Nielsen</u>, and Judge Dawson's analysis in <u>Spradlin</u>, this Court should conclude likewise and DENY Plaintiff's Motion to Vacate Arbitration Award.

DATED: June 28, 2011.

                                    SNELL & WILMER L.L.P

/s/ Aaron D. Ford
PATRICK G. BYRNE, ESQ.
Nevada Bar No. 7636
ALEX L. FUGAZZI, ESQ.
Nevada Bar No. 9022
AARON D. FORD, ESQ.
Nevada Bar No. 7704
JUSTIN L. CARLEY, ESQ.
Nevada Bar No. 9994
3883 Howard Hughes Parkway, Ste. 1100
Las Vegas, Nevada 89169
Tel.: (702) 784-5200
Fax.: (702) 784-5252
Email: pbyrne@swlaw.com
        afugazzi@swlaw.com
        aford@swlaw.com
        jcarley@swlaw.com

STEVE MORRIS, ESQ.
Nevada Bar No. 1543
MORRIS PETERSON
300 South Fourth Street, Suite 900
Las Vegas, NV 89101
Tel.: (702) 474-9400
Fax.: (702) 474-9422
Email: sm@morrislawgroup.com

13308997

- 3 -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Snell & Wilmer**
L.L.P.
LAW OFFICES
3883 HOWARD HUGHES PARKWAY, SUITE 1100
LAS VEGAS, NEVADA 89169
(702)784-5200

13308997

# EXHIBIT A



1 of 1 DOCUMENT

WILLIAM SPRADLIN, et al., Plaintiffs, v. TRUMP RUFFIN TOWER I, LLC, Defendant.

Case No. 2:08-CV-01428-KJD-RJJ

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA

2011 U.S. Dist. LEXIS 61235

June 6, 2011, Decided
June 8, 2011, Filed

**COUNSEL:** [*1] For William Spradlin, Kuniko Ishida, TDF Properties, LLC, Elliot Sprung, Sally Kim, Emma Oduca, Shirley Spradlin, Plaintiffs: Burton W Wiand, LEAD ATTORNEY, Fowler White Boggs Banker P.A., Tampa, FL; Elizabeth Lee Beck, Jared H. Beck, LEAD ATTORNEYS, Beck & Lee, P.A., Miami, FL; Kyle R Nordrehaug, LEAD ATTORNEY, Blumenthal & Nordrehaug, La Jolla, CA; Ricardo R Ehmann, Robert B. Gerard, LEAD ATTORNEYS, Gerard & Associates, Las Vegas, NV.

For David Sprung, Plaintiff: Burton W Wiand, LEAD ATTORNEY, Fowler White Boggs Banker P.A., Tampa, FL; Kyle R Nordrehaug, LEAD ATTORNEY, Blumenthal & Nordrehaug, La Jolla, CA; Ricardo R Ehmann, Robert B. Gerard, LEAD ATTORNEYS, Gerard & Associates, Las Vegas, NV; Elizabeth Lee Beck, Jared H. Beck, Beck & Lee, P.A., Miami, FL.

For Trump Ruffin Tower I LLC, Defendant: Aaron D. Ford, Snell & Wilmer L.L.P., Las Vegas, NV; Justin L Carley, Snell & Wilmer, LLP, Las Vegas, NV; Alex Fugazzi, Patrick G. Byrne, Snell & Wilmer, Las Vegas, NV.

**JUDGES:** Kent J. Dawson, United States District Judge.

**OPINION BY:** Kent J. Dawson

**OPINION**

**ORDER**

Currently before the Court is Plaintiffs' Petition to Vacate the Partial Final Arbitration Award (#25). Defendant filed a Response (#26), to which Plaintiffs filed [*2] a Reply (#27). Plaintiffs also filed a Notice of Supplemental Authority (#28) which the Court has also considered.

**I. Background**

The instant case arises from a dispute between William Spradlin and seven other individuals who purchased condominium-hotel room units at the Trump International Hotel and Tower in 2005 ("Plaintiffs") on the one hand and Trump Ruffin Tower I, LLC ("Trump Tower") on the other over the details of their purchase agreement ("the Agreement"), including whether the purchases were actually securities and whether Trump Tower's behavior violated laws governing such sales. Plaintiffs originally brought suit in Nevada state court on September 22, 2008, after which Trump Tower removed the suit to this Court on October 20, 2008. In November of 2008 both parties agreed to stay the case pending the outcome of a Nevada Supreme Court case addressing the validity of an arbitration clause identical to the arbitration clause in the Agreement; on April 22, 2009 the Supreme Court of Nevada found the arbitration clause to be valid and enforceable. The parties then stipulated to stay their case and arbitrate the matter.

Plaintiffs filed a class arbitration on April 9, 2010, but Trump [*3] Tower disagreed about whether the requirements for class arbitration had been met. The parties briefed and argued the matter before the arbitrator, who issued a Partial Final Award on Clause Construction ("the Award") on August 10, 2010. The Award included the determination that there was no agreement to classwide arbitration in the Agreement; the arbitrator also

declined to find that the arbitration clause in the Agreement was unconscionable. Plaintiffs then filed the present Petition to Vacate the Award on September 9, 2010.

**II. Legal Standard**

The Federal Arbitration Act governs federal court review of arbitration awards. *Kyocera Corp. v. Prudential-Bache T Servs., 341 F.3d 987 (9th Cir. 2003).* Section *10(a)(4)* of the Act states that a district court may "make an order vacating the award upon the application of any party to the arbitration . . . where the arbitrators exceeded their powers." *9 U.S.C. § 10(a)(4)*.

In elaborating on this standard, Plaintiffs cite the Supreme Court's decision in Stolt-Nielsen, a case that also involved federal court review of an arbitration order on the issue of class arbitration. (Petition to Vacate p.5 (citing *Stolt-Nielsen S. A. v. AnimalFeeds Int'l Corp., 130 S. Ct. 1758, 176 L. Ed. 2d 605 (2010)*).) [*4] Plaintiffs begin their discussion appropriately with a reference to the language in *9 U.S.C. § 10(a)(4)*; they go on, however, to characterize Stolt-Nielsen as holding that "when an arbitrator ignores the parties' agreement, the arbitrator exceeds its power," a relatively low standard. (Petition to Vacate p.5.)

On the contrary, *Stolt-Nielsen* makes it clear that the *9 U.S.C. § 10(a)(4)* standard is a "high hurdle" for the party petitioning the court to vacate an arbitration award:

> It is not enough for petitioners to show that the panel committed an error--or even a serious error. "It is only when [an] arbitrator strays from interpretation and application of the agreement and effectively 'dispense[s] his own brand of industrial justice' that his decision may be unenforceable." In that situation, an arbitration decision may be vacated under *§ 10(a)(4) of the FAA* on the ground that the arbitrator "exceeded [his] powers," for the task of an arbitrator is to interpret and enforce acontract, not to make public policy. *Stolt-Nielsen S. A. v. AnimalFeeds Int'l Corp., 130 S. Ct. 1758, 1767, 176 L. Ed. 2d 605 (2010)* (citations omitted).

Thus, a court will only overturn an arbitration order when the mode of the arbitrator's [*5] decision was one of policy-making. When the arbitrator addresses the agreement at hand in the context of surrounding laws, even when the arbitrator appears to have done so erroneously, a court should not intercede to overturn the order. See, e.g., *Major League Baseball Players Ass'n v. Garvey, 532 U.S. 504, 509, 121 S. Ct. 1724, 149 L. Ed. 2d 740 (2001)* ("if an arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, the fact that a court is convinced he committed serious error does not suffice to overturn his decision") (citations, quotation marks omitted).

The Ninth Circuit has also elaborated on the meaning of the *9 U.S.C. § 10(a)(4)*, holding that arbitrators' awards are subject to review "not when they merely interpret or apply the governing law incorrectly, but when the award is 'completely irrational,' or exhibits a 'manifest disregard of law.' *Kyocera Corp. v. Prudential-Bache T Servs., 341 F.3d 987, 997 (9th Cir. 2003)* (citations omitted). The Ninth Circuit has further explained the "manifest disregard" standard in this manner:

> [F]ederal courts of appeals have repeatedly held [that] "manifest disregard of the law" means something more than just an error in the [*6] law or a failure on the part of thearbitrators to understand or apply the law. It must be clear from the record that thearbitrators recognized the applicable law and then ignored it. As such, mereallegations of error are insufficient. Moreover, to rise to the level of manifestdisregard the governing law alleged to have been ignored by the arbitrators must be well defined, explicit, and clearly applicable. *Collins v. D.R. Horton, Inc., 505 F.3d 874, 879-880 (9th Cir. 2007)* (citations, quotation marks omitted).

It is therefore not enough that the arbitrator has made an error in interpreting the agreement under the law. The error must lack a rational foundation, or the arbitrator must have recognized but obviously ignored clear, relevant legal principles.

**III. Analysis**

Plaintiffs claim the arbitrator exceeded her power in a number of different ways by "manifestly disregarding" the law. None of these claims meet the high standard of review for overturning an arbitration award, however.

**A. Class Arbitration**

Plaintiffs argue that the arbitrator erred in concluding the Agreement does not allow class arbitration because the arbitrator's decision does not accord with the Nevada default rule on consolidation [*7] of arbitration and the arbitrator's decision does not accord with the parties' intent and expectations. Plaintiffs conclude that the arbitrator's decision therefore exceeded her power.

**1. Nevada default rule**

Plaintiffs claim the arbitrator erred by not finding that the default rule under Nevada state law requires class arbitration to be allowed when not specifically prohibited in an agreement. Plaintiffs read Stolt-Nielsen as holding that when an arbitration agreement is silent on the question of class arbitration, an arbitrator should follow the state default rule for consolidation of arbitration. Plaintiffs then argue that the Nevada default rule for consolidation of arbitration is that consolidation may be ordered unless the agreement prohibits consolidation. (Petition to Vacate p.10 (citing *N.R.S. 38.224*).) Plaintiffs therefore claim that the arbitrator erred in distinguishing class certification rules from consolidation rules because such a ruling is contrary to Stolt-Nielsen. Even if Plaintiffs were correct on these points,[1] however, Plaintiffs' claims would not meet the standard of review necessary for this Court to overturn an arbitration award. The arbitrator considered the  [*8] same legal arguments Plaintiffs are now putting forward, and the arbitrator referred to and analyzed the appropriate case law (including Stolt-Nielsen) and statutes (including *N.R.S. 38.224*) in doing so.

> 1   And they are not. For example, even without conducting as close an analysis of this issue as the arbitrator conducted below, it is clear to this Court that Plaintiffs' repeated claims that Stolt-Nielsen stands for the principle that the "state law 'default rule' for consolidation of arbitration claims" should govern determinations about class arbitration are completely incorrect. It may be true that the facts of Stolt-Nielsen involve arbitration claims that were consolidated, but the Stolt-Nielsen Court does not rely on that fact or even mention it subsequent to the background exposition at the start of the opinion. The Court's only other discussion of consolidation of arbitration claims in Stolt-Nielsen (as opposed to class certification of arbitration claims) comes when the Court lists several items that the arbitration panel below considered but did not find persuasive, including "court cases denying consolidation of arbitrations." The Court does not state that the panel should  [*9] have found these cases persuasive, nor does the Court mention these cases ever again.
>
>    Furthermore, even if this fleeting mention of "court cases denying consolidation of arbitrations" were intended to establish a legal principle to guide future rulings on class arbitration, as a logical matter the implied principle would be that where past courts have found that in a particular context arbitration agreements were not even amenable to consolidation (such as in the maritime context of Stolt-Nielsen), it would be even more unlikely that parties intended to agree to class arbitration where the agreement is silent on the matter. Nowhere in Stolt-Nielsen is there any evidence for the proposition that state default rules that allow for consolidation of arbitration under certain circumstances should be interpreted to require class arbitration in agreements that do not mention class arbitration. Plaintiffs are not only wrong on this point, but if their repeated arguments to this effect had been accepted by the arbitrator, it would have been the only aspect of the instant case in which the legal error exceeded the "manifest disregard of the law" standard.

**2. Parties' intent and expectations**

Plaintiffs  [*10] go on to claim that the arbitrator's decision against class arbitration was also incorrect because the arbitrator ignored undisputed evidence of the parties' intent and expectations. They characterize Stolt-Nielsen as standing for the principle that an arbitration provision's silence creates ambiguity, which should be resolved by looking to evidence regarding the intent of the parties. Plaintiffs then cite evidence such as their own declarations, Trump Tower's contemporaneous actions, additional documents that were part of the same transaction as the Agreement, the language of the Agreement itself, and contemporaneous awards by the AAA allowing class arbitration in other cases.

However, the arbitrator considered every piece of evidence Plaintiffs cite and discussed them all in the partial final award and analyzed them in light of her interpretation of Stolt-Nielsen and other applicable case law. Instead of ignoring the evidence or the law, as Plaintiffs claim, the arbitrator based her reasoning and opinion on both.

Plaintiffs do not argue that the arbitrator was dispensing her own brand of industrial justice or making public policy, or that the arbitrator's decision was completely irrational  [*11] or completely disregarded the clear, applicable principles of the law.[2] Rather Plaintiffs argue that the arbitrator committed errors in her legal analysis. They are therefore essentially asking this Court to allow them to re-litigate issues already presented to the arbitrator below merely because Plaintiffs disagree with the outcome reached by the arbitrator. This flies in the face of the letter of the FAA, which only allows limited court review of arbitral awards, as well as the spirit of the FAA, which was enacted "in response to widespread judicial hostility to arbitration agreements." *AT&T Mobility LLC v. Concepcion, 131 S. Ct. 1740, 179 L. Ed. 2d 742 (2011)*. Therefore, this Court cannot over-

turn the arbitrator's determination regarding class arbitration.

2   And insofar as Plaintiffs' claims could be construed to be making the latter argument, this Court finds that the arbitrator did not disregard any clear, applicable principles of law in her decision.

### B. Unconscionability

Plaintiffs also argue that the arbitrator exceeded her authority in ruling that the contract was not void as unconscionable.³ According to Plaintiffs, the arbitrator incorrectly relied on a non-precedential opinion from a case with [*12] different facts, *KJH & RDA Investor Group, LLC v. Eighth Judicial Dist. Court of Nevada, 2009 WL 1455992 (Nev. 2009)*. However, as the arbitrator noted, in the arbitration proceeding both Plaintiffs and Trump Tower "refer[red] to and rel[ied] on [KJH], and treat[ed] it as controlling." (Petition to Vacate, Exhibit 1, p.6 n6.) Plaintiffs go on to claim that the arbitrator erred in applying KJH because she considered the facts of KJH instead of the facts of the instant case. Throughout the arbitrator's decision, however, she refers to the specific facts of this case, comparing and contrasting them with the facts in KJH and ultimately basing her decision on KJH only "to the extent that the record is the same, and the issues raised were the same there." (Petition to Vacate, Exhibit 1, p.6.)

3   After both parties had fully briefed this issue, the Nevada Supreme Court issued an opinion finding that a provision in an arbitration agreement that disallows any form of class action makes the agreement unconscionable. *Picardi v. Eighth Judicial Dist. Court of Nev.,    P.3d   , 127 Nev. Adv. Op. 9, 2011 Nev. LEXIS 11 (Mar. 31, 2011)*. Shortly thereafter, however, the U.S. Supreme Court issued an opinion [*13] finding that a more limited rule against arbitration provisions that disallow class actions in adhesive contracts set forth in the California Supreme Court's Discover Bank decision was pre-empted by the FAA. *AT&T Mobility LLC v. Concepcion, 131 S. Ct. 1740, 179 L. Ed. 2d 742 (April 27, 2011)*. Since this issue was not raised or addressed by the parties in this case, however, this Court will not consider it.

Plaintiffs also claim that the arbitration provision is unconscionable for a variety of reasons: because it fails to warn purchasers that they are waiving important rights, because it is inconspicuously buried in the contract, because it contains a prohibition on punitive damages, and because its provisions on fee-shifting, confidentiality, discovery, and burden of proof are all one-sided. As before, however, the arbitrator considered these factors in her decision. Rather than "ignoring" the evidence, as Plaintiffs claim, the arbitrator took notice of each piece of evidence and accorded it weight in reaching her decision. For example, the arbitrator considered the argument that the arbitration provision was inconspicuously buried; however, she rejected it on the grounds that the Nevada Supreme Court [*14] had already found that an identical arbitration provision in KJH was "not inconspicuous and that the plaintiffs [in KJH] must have read and understood them, since they separately initialed each page." (Petition to Vacate, Exhibit 1, p.7.)

In each such instance this Court finds the arbitrator's reasoning far exceeds the minimum requirements of the "manifest disregard of the law" standard. Plaintiffs again fail to identify any aspect of the arbitrator's decision that in which she has "exceeded [her] powers" under the standards set forth by the Ninth Circuit and the Supreme Court, and this Court therefore declines to allow Plaintiffs to relitigate this issue before this Court.

### IV. Conclusion

Accordingly, **IT IS HEREBY ORDERED** that Plaintiffs' Petition to Vacate Partial Final Arbitration Award (#25) is **DENIED.**

DATED this 6TH day of June 2011.

/s/ Kent J. Dawson

Kent J. Dawson

United States District Judge

**CERTIFICATE OF SERVICE**

I hereby certify that on the June 28, 2011, I electronically transmitted the foregoing **NOTICE OF SUPPLEMENTAL AUTHORITY** to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all counsel in this matter; all counsel being registered to receive Electronic Filing.

/s/ Aaron D. Ford
An employee of Snell & Wilmer LLP

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 HOWARD HUGHES PARKWAY, SUITE 1100
LAS VEGAS, NEVADA 89169
(702)784-5200

13308997