AARON D. LOVAAS (State Bar No. 5701)
aaron@lovaas-lehtinen.com
KRISTAN E. LEHTINEN (State Bar No. 8155)
kristan@globalbusinesslawyersusa.com
LOVAAS & LEHTINEN, P.C.
6128 West Sahara Avenue
Las Vegas, Nevada 89146
Telephone:  (702) 388-1011
Facsimile:  (702) 387-1011

BENJAMIN F. EASTERLIN IV *(admitted pro hac vice)*
beasterlin@kslaw.com
KING & SPALDING LLP
1180 Peachtree Street N.E.
Atlanta, Georgia 30309
Telephone:  (404) 572-4600
Facsimile:   (404) 572-5100

Attorneys for Plaintiffs
MARY ANN BLANCO, ET AL

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| **MARY ANN BLANCO, ET AL,**<br><br>**Plaintiffs,**<br><br>vs.<br><br>**TRUMP RUFFIN TOWER I LLC**<br><br>**Defendant.** | **CASE NO. 2:11-cv-00153-GMN-PAL**<br><br><br>**PLAINTIFFS' RESPONSE TO DEFENDANT TRUMP RUFFIN TOWER I LLC'S NOTICE OF SUPPLEMENTAL AUTHORITY** |

Plaintiffs Mary Ann Blanco et al, by and through their attorneys, hereby respectfully submit this response to Defendant Trump Ruffin Tower I LLC's ("Defendant") Notice of Supplemental Authority (the "Notice"), stating as follows:

Contrary to Defendant's representation that the decision in *Spradlin v. Trump Ruffin Tower LLC*, Case No. 2:08-CV-01428-KJD-RJJ, 211 U.S. Dist. LEXIS 61235 (D. Nev. June 6,

2011) involved "the same primary legal issue" that is presented by Plaintiffs' Motion to Vacate the Arbitration Award (the "Motion") in this case (*see* Notice at 2), the issue in *Spradlin* was completely different from the issue before this Court.  While both the *Spradlin* motion to vacate and Plaintiffs' Motion require court scrutiny and review of an arbitration decision, neither case involves any dispute as to the applicable standard of review.  Indeed, the *Spradlin* court applied the same standard of review to a motion to vacate an arbitration decision as that cited by the parties in this case, namely, that an award should be vacated if the arbitrator exceeds the scope of his authority by manifestly disregarding the law or issuing an order that is completely irrational. *See Spradlin*, 211 U.S. Dist. LEXIS 61235, at *5; *see also* Trump's Opp. to Motion to Vacate at 4:5-9; Plaintiffs' Motion at 11:25-28.   The *Spradlin* opinion did not cite any new authority, contain any new analysis, or establish any new law regarding that standard.  The Supreme Court's decision in *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.,* 130 S. Ct. 1767 (2010) cited in *Spradlin* merely restates the appropriate standard of review and does not change or expand that standard from preexisting law.  Thus, the "primary legal issue" in both *Spradlin* and Plaintiffs' Motion is ***whether*** the respective arbitrators disregarded the particular law at issue in each case.

In contrast to the instant case, *Spradlin* involved an analysis of an arbitration decision concluding that class action arbitrations are not permissible in Nevada when the operative arbitration clause is silent about that issue.  In light of the *Stolt-Nielsen* decision and the absence of a default rule allowing class action arbitrations under Nevada law, the arbitrator ruled that the plaintiffs in *Spradlin* could not proceed with their class action arbitration.  *See Spradlin*, 211 U.S. Dist. LEXIS 61235, at *7-9.  Judge Dawson found not only that the arbitration decision was

a matter of legal interpretation, but also that the arbitrator's decision was a correct ruling of law.[1] *See id.* Therefore, it is not at all surprising that Judge Dawson denied the *Spradlin* plaintiffs' motion to vacate, as there was no basis to find that the arbitrator did anything other than correctly apply the law in that case.

Unlike the plaintiffs in *Spradlin*, however, Plaintiffs in this action did not file a class action arbitration. Rather, this case is merely a consolidated action of individual claims. Defendant has previously filed motions before the arbitrator in this action and the Nevada state court arguing that *Stolt-Nielsen* applies to consolidated actions and therefore precludes this action. However, because *Stolt-Nielsen* does not apply to such consolidated actions, both the arbitrator and the Nevada state court rejected Defendant's motions. Consistently, Judge Dawson explained that "[n]owhere in Stolt-Nielsen is there any evidence for the proposition that state default rules that allow for consolidation of arbitration under certain circumstances should be interpreted to require class arbitration in agreements that do not mention class arbitration." *Spradlin*, 211 U.S. Dist. LEXIS 61235, at *7 n.1. In short, *Stolt-Nielsen* applies only to class action arbitrations and has no relevance to consolidated arbitrations like the case before this Court.

---

[1] "Plaintiffs therefore claim that the Arbitrator erred in distinguishing class certification rules from consolidation rules because such a ruling is contrary to Stolt-Nielsen. … Even if Plaintiffs were correct on these points, … And they are not … it is clear to this Court that the Plaintiffs' repeated claims that Stolt-Nielsen stands for the principle that the 'state law 'default rule' for consolidation of arbitration claims' should govern determinations about class arbitration are completely incorrect." *Spradlin*, 211 U.S. Dist. LEXIS 61235, at *7 n.1.

1    Moreover, the plaintiffs in *Spradlin* moved to vacate the arbitrator's decision on a basis

2  that is inapplicable under the established standard of review and is entirely different from that

3  alleged by Plaintiffs in this case.  As the *Spradlin* opinion plainly states:

4          Plaintiffs do not argue that the arbitrator was dispensing her own

5          brand of industrial justice or making public policy, or that the

6          arbitrator's decision was completely irrational or completely

7          disregarded the clear, applicable rules of law.  Rather Plaintiffs

8          argue that the arbitrator committed errors in her legal analysis.

9

10  *Id.* at *10-11.  By contrast, Plaintiffs contend that the arbitrator in this case did, in fact, dispense

11  his own brand of industrial justice, made public policy, and issued a decision that was

12  "completely irrational."  *See* Plaintiffs' Motion at 13:1-21.

13    Thus, the *Spradlin* decision does not provide this Court with any additional authority that

14  is relevant to Plaintiffs' Motion.  Defendant's submission of the *Spradlin* decision as

15  supplemental authority is misplaced and should be rejected by this Court.

16    DATED:  June 29, 2011

17

18                                   By:  s/ Ben F. Easterlin IV
                                            _____
19                                        Ben F. Easterlin IV
                                          KING & SPALDING LLP
20
                                          Aaron D. Lovaas
21                                        Kristan E. Lehtinen
                                          LOVAAS & LEHTINEN, P.C.
22
                                          Attorneys for Plaintiffs
23                                        Mary Ann Blanco, et al

24

25

26

27

28

## CERTIFICATE OF SERVICE

I hereby certify that on June 29, 2011, I electronically transmitted the foregoing **PLAINTIFFS' RESPONSE TO DEFENDANT TRUMP RUFFIN TOWER I LLC'S NOTICE OF SUPPLEMENTAL AUTHORITY** to the Clerk's Office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to all counsel in this matter; all counsel being registered to receive Electronic Filing.


                                        s/ Ben F. Easterlin
                                        Ben F. Easterlin